|   |   |
|---|---|
| ROBERT CLARK and LOUISE CLARK, <br><br> Plaintiffs, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CASE NO. 2:24-cv-01725-MJP <br><br> ORDER GRANTING MOTION TO AMEND |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Plaintiffs Robert and Louise Clark's Motion for Leave to Amend Complaint to Add an Additional Party (Dkt. No. 16.) Having reviewed the Motion, Defendant Safeco Insurance Company of America's Response (Dkt. No. 19), the Reply (Dkt. No. 21), and all other supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

The underlying dispute involves allegations that Safeco has improperly withheld insurance coverage to Plaintiffs related to water damage. (See Compl. (Dkt. No. 3).) In its initial

disclosures, Safeco identified "Allcat Claims Service LLC" as an entity which "was retained to inspect Plaintiffs' property and prepare a water damages report and estimate." (Declaration of Brenna Pink Pampena (Dkt. No. 17), Ex. D at 9. Safeco also identified seven employees of Allcat whom may have discoverable information regarding the claim. (Id.)

In a July 16, 2025, Rule 30(b)(6) deposition, however, Safeco's corporate representative testified that Allcat was significantly more involved in the claims process than originally disclosed. (Pink Pampena Decl., Ex. C.) According to the corporate representative, Allcat "handled the Clark insurance claim," that Allcat, not Safeco, dictated the "training of Allcat's adjusters," but noted that "[n]ot all claims were handled by Allcat." (Id.) Plaintiffs seek to address this discrepancy by moving to amend their complaint and include Allcat as a named defendant. (See generally, Mot.; see also Pink Pampena Decl., Ex. A).

## ANALYSIS

Plaintiffs seeks leave to amend their complaint under Federal Rule of Civil Procedure 15(a)(2) so that they may add Allcat as a named defendant. (Mot. at 5.) However, the joinder and amendment deadlines have passed in this case. (See Scheduling Order (Dkt. No. 10) (setting joinder deadline for February 12, 2025, and the amended pleading deadline for February 24, 2025)).) Therefore, Plaintiffs must first demonstrate good cause to modify the case schedule under Federal Rule of Civil Procedure 16(b)(4) before the Court may consider their motion for leave to amend under Rule 15(a).

**A.      Plaintiffs Show Good Cause to Modify the Case Schedule Under Rule 16(b)**

"A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not

1  be disturbed unless they evidence a clear abuse of discretion." Johnson, 975 F.2d at 607
2  (omission in original). Rule 16(b)(4) primarily focuses on the diligence of the party seeking the
3  amendment. See id. at 609. The Court's scheduling order may be modified "if it cannot
4  reasonably be met despite the diligence of the party seeking" the modification. Id. (quoting Fed.
5  R. Civ. P. 16 advisory committee notes (1983 amendment)).
6        Here, the Court finds Plaintiffs diligently moved to modify the case schedule and amend
7  their complaint upon discovering the extent of Allcat's involvement in the claims process during
8  Safeco's Rule 30(b)(6) Deposition, which took place on July 16, 2025. During that deposition,
9  Plaintiffs learned not only that Safeco did not assign its own adjuster to the claim at issue, but
10 that it was Allcat, not Safeco, who trained the assigned adjuster and provided oversight over the
11 claims process. (See Pink Pampena Decl., Ex. C.) The unforeseen nature of this revelation is
12 further underscored by Safeco's supplemental initial disclosures, which were served only after
13 Plaintiffs filed this Motion, which for the first time admits that "Allcat Claims Service was
14 retained and contracted to . . . otherwise administer or facilitate the claims adjustment process,"
15 and named thirty-seven individuals who had been previously identified as Safeco employees as
16 actually being employed by Allcat. (Reply at 2–3; Supplemental Declaration of Brenna Pink
17 Pampena (Dkt. No. 22) Ex. A.) In short Plaintiffs could not have known the extent to which
18 Allcat was involved in the claims process until July 16, filed their motion within a month, and
19 then received confirmation of that involvement after filing. The Court finds this to be good cause
20 to modify the case schedule to allow amendment.
21 **B.  Amendment Under Rule 15(a) is Proper**
22       Finding good cause to amend the case schedule, the Court's analysis now shifts to
23 whether amendment of Plaintiffs' complaint is appropriate under Federal Rule of Civil Procedure
24

ORDER GRANTING MOTION TO AMEND - 3

15(a). After weighing the relevant factors, the Court finds that amendment is proper and warranted.

Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." "This policy is 'to be applied with extreme liberality.'" Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The court considers five factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). But "[n]ot all factors merit equal weight," and the Court must assess "[p]rejudice [as] the touchstone of the inquiry under rule 15(a)." Eminence, 316 F.3d at 1052 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

The Court finds that none the Foman factors weigh against Plaintiffs proposed amendment. Defendant does not oppose the amendment. (Resp. at 6 ("Safeco takes no position on whether the burdens on this Court are undue based on Plaintiffs' proposed addition of Allcat Claims Service, LLC, as another defendant.").) Accordingly, the Court finds it proper that Plaintiffs be given leave to amend their complaint to include Allcat Claims Service, LLC, as another defendant.

## CONCLUSION

The Court finds good cause to amend the case schedule to allow for Plaintiffs to amend their complaint. Further, Defendant does not oppose amendment here, and the Court finds no reason why Plaintiffs should not be given leave to include Allcat, who likely had a significant

role in administering or facilitating the claim at issue, to the complaint. Therefore, the Motion is GRANTED.

Within 14 days of this Order, Plaintiffs are ORDERED to file their First Amended Complaint, conforming with the version set forth in Exhibit A to the Pink Pampena Declaration (Dkt. No. 17).

The clerk is ordered to provide copies of this order to all counsel.

Dated September 12, 2025.

Marsha J. Pechman
United States Senior District Judge