UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT CLARK et al.,<br><br>Plaintiffs,<br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | CASE NO. 2:24-cv-01725-DGE<br><br>ORDER GRANTING MOTIONS TO SEAL (DKT. NOS. 46, 59) |

Before the Court is two motion to seal certain exhibits attached to the Parties' motion for summary judgment briefing. (Dkt. Nos. 46, 59.) Defendant Allcat Claims Services, LLC's ("Allcat") seeks to seal Exhibit A attached to the declaration of Scott Semian in support of Allcat's motion for summary judgment (Dkt. No. 46) whereas Plaintiffs seek to seal Exhibit 1 and certain pages of Exhibit 17 attached to the declaration of Isaac Ruiz in support of their response to the motion for summary judgment (Dkt. No. 59).[1] Plaintiffs further move to file a

[1] Plaintiffs' motion to seal is noted for August 18, 2026. (*See* Dkt. No. 59.) However, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward

redacted response to the motion for summary judgment. (*Id.*) For the following reasons, the Court GRANTS the motions to seal.

## I BACKGROUND

Plaintiffs filed suit against Defendants for allegations concerning the adjustment and handling of their insurance claim. (Dkt. No. 27.) During litigation, Defendant Safeco Insurance Company of America ("Safeco") produced a Master Service Agreement ("MSA") between Safeco's parent company, Liberty Mutual Insurance Company and Allcat. (Dkt. No. 46 at 1–2.) Upon learning that Allcat intended to submit portions of the MSA in support of its motion for summary judgment, Safeco requested Allcat file the MSA under seal. (*Id.* at 2; Dkt. No. 47-1 at 2–4.) Though both Allcat and Plaintiffs move to seal certain exhibits referencing the MSA, they assert that Safeco bears the burden of satisfying Local Rule 5(g)(3)(B)'s requirements. (Dkt. Nos. 46 at 2; 59 at 3.)

In response to Allcat's motion, Safeco contends the MSA "governs the contractual relationship between Liberty Mutual/Safeco and Allcat concerning claims-related services," and the agreement contains "extensive confidential commercial information" including proprietary operational procedures that are not publicly available. (Dkt. Nos. 53 at 2; 54 at 2.) Safeco argues the MSA reveals the company's internal operational requirements, and public disclosure would provide competitors with "insight into the parties' business operations and negotiations, causing competitive harm." (*Id.* at 3, 8.) Safeco further contends that no less restrictive alternative exists because the proprietary information is included in "every substantive provision of the MSA." (*Id.* at 9.)

---

the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Because both motions seek to seal nearly identical content, the Court finds for purposes of judicial economy, it is appropriate to rule on Plaintiffs' motion now.

## II DISCUSSION

"There is a strong presumption of public access to the court's files." LCR 5(g). "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id.* "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (quoting *Kamakana*, 447 F.3d at 1178). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc*., 435 U.S. 589, 599 (1978)).

A motion to seal a document must include a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient. LCR 5(g)(3)(B). Pursuant to Local Civil Rule 5(g)(3)(A), a motion to seal must include a certification that the party has met and conferred with all other parties in an attempt to

reach agreement on the need to file the document under seal. Allcat certifies the Parties met and conferred. (Dkt. Nos. 46 at 2; 47-1.) Similarly, Plaintiffs certify they conferred with Safeco regarding their motion. (Dkt. No. 59 at 2.)

The MSA contains "numerous categories of proprietary information," including claims handling protocols, use of internal systems, compliance requirements, and performance standards. (Dkt. No. 53 at 5.) The Parties agree that the MSA contains information designated "Confidential" pursuant to the Parties' stipulated protective order. (*See* Dkt. Nos. 53 at 2, n.2; 13; 59 at 2.) Therefore, the Court concludes there are compelling reasons to seal Exhibit A attached to Semian's declaration and Exhibit 1 and portions of Exhibit 17 attached to Ruiz's declaration. *See, e.g., In re Apple Inc. Device Performance Litig.*, Case No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Transperfect Glob., Inc. v. Motionpoint Corp.*, Case No. C 10– 2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).

## III CONCLUSION

The Court GRANTS Allcat's (Dkt. No. 46) and Plaintiffs' (Dkt. No. 59) motions to seal. Exhibit A of Semian's declaration filed at Dkt. No. 48 and Exhibit 1 and 17 of Ruiz's declaration filed at Dkt. Nos. 63 and 64 shall remain under seal. Furthermore, Plaintiffs' unredacted response to Allcat's motion for summary judgment (Dkt. No. 62) shall also remain under seal.

Dated this 4th day of August, 2026.

David G. Estudillo
United States District Judge